UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                        Case No. 13-cr-20343
                                            Hon. Mark A. Goldsmith

vs.

NICHOLAS McDOUGAL,

    Defendant.
_____/

**ORDER DENYING DEFENDANT'S REQUEST FOR STAY AND
DENYING DEFENDANT'S MOTION TO VACATE SENTENCE (Dkt. 15)**

On September 10, 2013, judgment entered against Defendant after he pleaded guilty to interference with commerce by threats of violence under the Hobbs Act, 18 U.S.C. § 1951, as well as use of a short-barreled shotgun during and in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(B)(i). See Judgment at 1 (Dkt. 13).

On June 28, 2016, Defendant, filing pro se, moved to vacate his sentence under 28 U.S.C. § 2255 (Dkt. 15). The Government has responded (Dkt. 17). For the reasons stated below, Defendant's motion is denied.

**I. DISCUSSION**

**A. 18 U.S.C. § 924(c)(1)(B)(i)**

Whether a firearm is used during a "crime of violence," such that 18 U.S.C. § 924(c)(1)(B)(i) may apply, is determined by 18 U.S.C. § 924(c)(3). That subsection provides:

> (3) For purposes of this subsection the term "crime of violence"
> means an offense that is a felony and —

1

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id.

In challenging the constitutionality of those provisions, Defendant invokes Johnson v. United States, 135 S. Ct. 2551 (2015), which invalidated the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"). See Def. Mot. at 4. The residual clause struck down by Johnson appeared in the ACCA's definition of "violent felony," which provided:

> [A]ny crime punishable by imprisonment for a term exceeding one year . . . that —
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B) (emphasis added).

Defendant claims that, in addition to striking down a clause in 18 U.S.C. § 924(e)(2)(B)(ii), Johnson effectively invalidated the similarly worded residual clause in 18 U.S.C. § 924(c)(3). See Def. Mot. at 4.

The Sixth Circuit has considered, and rejected, this very argument. In United States v. Taylor, 814 F.3d 340 (6th Cir. 2016), the court explained why Johnson's reasoning does not extend to claims like Defendant's:

> Johnson does not require reversal of Taylor's conviction, because several factors distinguish the ACCA residual clause from § 924(c)(3)(B). First, the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with physical force

2

> rather than physical injury. Second, the ACCA residual clause is linked to a confusing set of examples that plagued the Supreme Court in coming up with a coherent way to apply the clause, whereas there is no such weakness in § 924(c)(3)(B). Third, the Supreme Court reached its void-for-vagueness conclusion only after struggling mightily for nine years to come up with a coherent interpretation of the clause, whereas no such history has occurred with respect to § 924(c)(3)(B). Finally, the Supreme Court was clear in limiting its holding to the particular set of circumstances applying to the ACCA residual clause, and only some of those circumstances apply to § 924(c)(3)(B).

Id. at 376; see also Shuti v. Lynch, ___ F.3d ___, No. 15-3835, 2016 WL 3632539, at *8 (6th Cir. July 7, 2016) ("Unlike the ACCA . . . , which require[s] a categorical approach to stale predicate convictions, 18 U.S.C. § 924(c) is a criminal offense that requires an ultimate determination of guilt beyond a reasonable doubt — by a jury, in the same proceeding. This makes all the difference.").

Accordingly, pursuant to Sixth Circuit case law that is binding on this Court, Defendant's attempt to apply Johnson to his non-ACCA conviction must fail.

### B. 18 U.S.C. § 1951

In addition to attacking § 924(c) directly, Defendant also argues that his conviction for interference with commerce by threats of violence under the Hobbs Act, 18 U.S.C. § 1951, cannot function as a "crime of violence" that triggers § 924(c)(1)(B)(i). See Def. Mot. at 4. He claims that "§ 1951 does not have a force element. As such, it is only deemed 'violent' under the 'otherwise' clause found at 18 U.S.C. § 16(b)." Id. (emphasis in original); see also id. (specifying that Defendant believes this issue to be controlled by Johnson).

Defendant's citation to 18 U.S.C. § 16(b) is misguided. Although the Sixth Circuit has deemed § 16(b) unconstitutional under Johnson, see Shuti, 2016 WL 3632539, at *5, that statute was not considered when Defendant's sentence was imposed. See generally Revised

3

Presentence Investigation Report. Section 16(d) applies when a separate criminal statute refers to it. See, e.g., 8 U.S.C. § 1101(a)(43)(F) (incorporating by cross-reference the definition of "crime of violence" in 18 U.S.C. § 16). Here, on the other hand, the statute under which Defendant was convicted — 18 U.S.C. § 924(c)(1)(B)(i) — takes its definition of "crime of violence" from 18 U.S.C. § 924(c)(3), not 18 U.S.C. § 16(b).

That isn't to say that case law invalidating § 16(b) is necessarily irrelevant. Indeed, the definitions of "crimes of violence" found in § 16(b) and § 924(c)(3)(B) are identical. However, the way the statutes are employed is crucial. As it applied in Shuti, § 16(b) "require[d] a categorical approach to prior convictions." Shuti, 2016 WL 3632539, at *5.[1] Under the categorical approach, a sentencing court examines "an idealized ordinary case of the crime" — as opposed to examining what actually happened that led to the conviction — in order to determine whether the residual clause applies. See Johnson, 135 S. Ct. at 2561. The confusion caused by an overbroad categorical approach was integral to the Supreme Court's decision in Johnson. Id. at 2558. By contrast, § 924(c)(3) couches the "substantial risk of physical force" inquiry as an element of the alleged crime presently before the court, which "requires an ultimate determination of guilt beyond a reasonable doubt — by a jury, in the same proceeding." Shuti, 2016 WL 3632539, at *8. Stated differently, § 924(c) imposes the "substantial risk" element only when the factfinder would have to determine that the defendant's conduct brought about such risk in the case before it. See id. ("[A]s district courts have engaged with 18 U.S.C. § 924(c) on the front lines, they have often applied the substantial risk element to the actual conduct in the present case.").

---

[1] Section 16(b)'s definition of "crime of violence" was relevant in Shuti because, if a defendant had a separate conviction that met that definition, he was more likely to be deported. See Shuti, 2016 WL 3632539, at *1.

4

For these reasons, the Sixth Circuit has held that § 924(c)(3) is outside of the reach of Johnson, notwithstanding the unconstitutionality of the identically worded § 16. Because Defendant's Hobbs Act robbery triggered § 924(c)(3), rather than triggering § 16, there was no constitutional infirmity here. Defendant's motion to vacate his sentence is denied.

### C. Request to Stay

In his reply to the Government's response, Defendant requested that his motion to vacate his sentence be stayed pending the Supreme Court's decision in Beckles v. United States, 616 F. App'x 415 (11th Cir. 2016), cert. granted, No. 15-8544, 2016 WL 1029080 (U.S. June 27, 2016) (Dkt. 19).

Beckles will decide Johnson's applicability to the United States Sentencing Guidelines, as well as its retroactivity if it applies to the Guidelines. There is no indication that the Supreme Court will explore Johnson's effect on 18 U.S.C. § 924(c)(3), because the Defendant in Beckles was not sentenced under that statute. Because it is extremely unlikely that the Supreme Court will decide an issue that is not before it, Defendant's request to stay his motion is denied.

## II. Certificate of Appealability

Because Defendant's claims for relief lack merit, the Court will also deny a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 483-484 (2000). For the reasons stated above, the Court will deny Defendant a certificate of appealability because reasonable jurists could not find this Court's assessment of his claims debatable.

## III.  CONCLUSION

For the foregoing reasons, the Court denies Defendant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (Dkt. 15) and denies Defendant a certificate of appealability.

SO ORDERED.

Dated: September 13, 2016           s/Mark A. Goldsmith
    Detroit, Michigan             MARK A. GOLDSMITH
                                       United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 13, 2016.

                                                 s/Karri Sandusky
                                                 Case Manager